1
2
3
4
5
6
7
8

KENNETH G. EADE (SBN 93774)
info@kennetheade.com
9350 Wilshire Blvd., Suite 203
Beverly Hills, CA  90212
Telephone:  (310) 889-0772

*Attorney for Plaintiffs*
DAE SUNG HI TECH. CO., LTD. and
FIRST 2 MARKET PRODUCTS, LLC

9

UNITED STATES DISTRICT COURT

10

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DAE SUNG HI TECH. CO., LTD. and
FIRST 2 MARKET PRODUCTS, LLC,

                    Plaintiffs,

          v.

GTHUNDER; TRENDY COOKS;
LOVELY HOME ESSENTIALS;
JOMOSHOP; FANCER; OVERSTOCK
AND WHOLESALE LIQUIDATORS,
dba DIAMOND SHIELD; TINY TIGER
TRADES, dba KITCHEN GADGETS;
TOYZNGADGETS, dba FRESHLOCK;
PARK ENTERPRISES, dba WOW STIC;
CRIVERS; KITCHEN WINNERS;
DISCOUNT DEALS 4 LESS;
DEUTSCHMADE; HOMESTORELIVE;
ZICOME; BOBI HOME, dba EVISPO;
HITECH, dba KAPTIN; EXPRESS
SAVINGS; WHOSE, dba WHOSEE;
TRANSSER, dba TRANSER; GPL, dba
MAGIC SEAL; GIANT STAR, dba
GIANT BEAN BAG CHAIRS;
AMAZING GIFT STORE, dba 123
DYNAMIC; KUCOOLOU; KRISTY'S

Case No.     2:18-cv-7884

**COMPLAINT FOR PATENT
INFRINGEMENT, TRADEMARK
INFRINGEMENT, TRADEMARK
DILUTION, UNFAIR COMPETITION,
AND UNJUST ENRICHMENT**

- 1 -

GOODS; KICODE; GOCOMCOM, dba
HONBAY; B THE ONE, dba LINWIL;
GREAT FUN; ZB; NACOLA;
BESTONZON; BOTRONG_HOME &
KITCHEN; IN KDS; MY HOUSE;
FUNNYTODAY365; GPL, dba MAGIC
SEAL; AMAZING GIFT STORE;
ARANHER; EGOELIFE; DEALGLAD;
ISKYBOB; LINFON; GPL, dba MAGIC
SEAL; AMAZING GIFT STORE;
MENDAY TRADING; LEELE'S;
LUCKY SUPPLY, dba AOITUN;
SMART EV; AMERICAN SHOPPING;
EXPRESS SAVINGS; SILICA GEL
PRODUCTS, dba CLINCH-IT; and DOES
1 through 100, inclusive,

                    Defendants.

 

        Plaintiffs, DAE SUNG HI TECH. CO., LTD. and FIRST 2 MARKET PRODUCTS, LLC ("Plaintiffs") hereby allege as follows:

                    **PARTIES**

        1.    Plaintiff, DAE SUNG HI TECH. CO., LTD. ("Dae Sung"), is a Korean limited liability company having its principal place of business at #1010, Daecheon Dong, Dalseo-Gu, Daegu, Korea.

        2.    Plaintiff, FIRST 2 MARKET PRODUCTS, LLC, ("First 2 Market") is an Ohio limited liability company having its principal place of business at 25671 Fort Meigs Rd., Building A, Perrysburg, Ohio.

        3.    Defendant GTHUNDER, is a limited liability company, with its principal place of business in Shenzhen, Guangdong, People's Republic of China.

- 2 -

VERIFIED COMPLAINT

4.      Defendants NEXT GEN PRODUCTS, TRENDY COOKS, LOVELY HOME ESSENTIALS, JOMOSHOP, FANCER, OVERSTOCK AND WHOLESALE LIQUIDATORS, dba DIAMOND SHIELD, TINY TIGER TRADES, dba KITCHEN GADGETS, TOYZNGADGETS, dba FRESHLOCK, PARK ENTERPRISES, dba WOW STIC, CRIVERS, KITCHEN WINNERS, DISCOUNT DEALS 4 LESS, DEUTSCHMADE, HOMESTORELIVE, ZICOME, BOBI HOME, dba EVISPO, HITECH, dba KAPTIN, EXPRESS SAVINGS, WHOSE, dba WHOSEE, TRANSSER, dba TRANSER, GPL, dba MAGIC SEAL, GIANT STAR, dba GIANT BEAN BAG CHAIRS, AMAZING GIFT STORE, dba 123 DYNAMIC, KUCOOLOU, KRISTY'S GOODS, KICODE, GOCOMCOM, dba HONBAY, B THE ONE, dba LINWIL, GREAT FUN, ZB, NACOLA, BESTONZON, BOTRONG_HOME & KITCHEN, IN KDS, MY HOUSE, FUNNYTODAY365, ARANHER, EGOELIFE, DEALGLAD, ISKYBOB, and LINFON, are business entities, the form of which is unknown to the Plaintiffs at the present time, with their principal places of business in the State of California.

5.      Plaintiffs are informed and believe, and based thereon allege that Defendants GPL, dba MAGIC SEAL, and AMAZING GIFT STORE, are business entities, the form of which is unknown to the Plaintiffs at the present time, with their principal places of business in the State of California.

6.      Plaintiffs are informed and believe, and based thereon allege that Defendant MENDAY TRADING, is a business entity, the form of which is unknown to the Plaintiffs at the present time, with its principal place of business in the State of California.

7.      Plaintiffs are informed and believe, and based thereon allege that Defendant LEELE'S, is a business entity, the form of which is unknown to the Plaintiffs at the present time, with their principal places of business in the State of Arizona.

8.      Plaintiffs are informed and believe, and based thereon allege that Defendant LUCKY SUPPLY, dba AOITUN, is a business entity, the form of which is unknown to

VERIFIED COMPLAINT

the Plaintiffs at the present time, with its principal place of business in the State of Arkansas.

9.     Plaintiffs are informed and believe, and based thereon allege that Defendant SMART EV, is a business entity, the form of which is unknown to the Plaintiffs at the present time, with its principal place of business in the State of New York.

10.     Plaintiffs are informed and believe, and based thereon allege that Defendant AMERICAN SHOPPING, is a business entity, the form of which is unknown to the Plaintiffs at the present time, with its principal place of business in the State of New Jersey.

11.     Plaintiffs are informed and believe, and based thereon allege that Defendant EXPRESS SAVINGS, is a business entity, the form of which is unknown to the Plaintiffs at the present time, with its principal place of business in the State of Delaware.

12.     Plaintiffs are informed and believe, and based thereon allege that Defendant SILICA GEL PRODUCTS, dba CLINCH-IT, is a business entity, the form of which is unknown to the Plaintiffs at the present time, with its principal place of business in the State of North Carolina.

13.     Plaintiffs are informed and believe, and based thereon allege that Defendant GROWSES, is a business entity, the form of which is unknown to the Plaintiffs at the present time, with its principal place of business in the State of Delaware.

14.     Plaintiffs are informed and believe, and based thereon allege that Defendant GOOD MOOD GROUP, dba COOLCLIPZ, is a business entity, the form of which is unknown to the Plaintiffs at the present time, with its principal place of business in the State of Nevada.

15.     Defendants DOES 1 through 100, inclusive, are unknown to Plaintiffs, who therefore sue such defendants by such fictitious names.  Plaintiff is informed and believes that each of the Defendants has diverse citizenship to the Plaintiff, and Plaintiff will seek leave of court to allege their true names and citizenship when ascertained.

- 4 -

VERIFIED COMPLAINT

# JURISDICTION

16.     Plaintiffs hereby repeat and reallege each and every allegation contained within paragraphs 1 through 15 of the complaint, and incorporates the same by reference as though set forth in full herein.

17.     This Court has jurisdiction over this matter pursuant to 28 USC §§ 1331, 1338 and 1367.  The Court has jurisdiction over Plaintiffs' patent infringement claims predicated on violation of the patent laws of the United States of America, 35 U.S.C. § 1, *et seq.*; on Plaintiffs' trademark infringement claims are predicated on the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*; and for claims for California Unfair Business Practices, in violation of California Business and Professions Code § 17222, *et seq,* which are:

18.     The Court has jurisdiction over the subject matter of this action pursuant to § 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332, 1338(a), 1338(b) and 1367(a).   The amount in controversy exceeds the sum of $75,000 and diversity of citizenship exists.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).  The amount in controversy exceeds $75,000.

19.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Defendants do business in the State of California, have committed acts of infringement in this State and in this District, have regular and established business in this District, and are subject to personal jurisdiction in this District.

20.     This Court has personal jurisdiction over the Defendants and venue is proper in the Central District of California, in that Defendants purposely availed themselves of conducting a business and by causing a consequence in the State of California, by, among other things, advertising and selling infringing products to consumers in the State of California through one or more highly active commercial websites, including Amazon.com, and such products have been shipped to customers in California.

VERIFIED COMPLAINT

1  **FIRST COUNT FOR PATENT INFRINGEMENT AGAINST ALL DEFENDANTS**

2       21.    Plaintiffs hereby repeat and reallege each and every allegation contained

3  within paragraphs 1 through 20 of the complaint, and incorporate the same by reference as

4  though set forth in full herein.

5       22.    Dae Sung is the owner of a utility patent, U.S. Pat. No. 7,503,696 (the " '696

6  Patent"), issued March 17, 2009, with a priority filing date of April 27, 2005, which

7  describes claims for sealing devices ("sealing devices"), a true copy of which is attached

8  hereto and incorporated by reference herein as <u>Exhibit 1</u>.

9       23.    First 2 Market is the exclusive distributor in the United States for devices

10  covered by the '696 Patent, pursuant to a written Distributorship Agreement,

11  ("Distributorship Agreement"), a true copy of which is attached hereto and incorporated

12  by reference herein as <u>Exhibit 2</u>, and which charges First 2 Market with enforcing the '696

13  Patent in the United States.

14       24.    Since May 2009, First 2 Market has been the exclusive distributor in the

15  United States for sealing devices covered by the '696 Patent.

16       25.    As the exclusive distributor of devices covered by the '696 Patent, First 2

17  Market has the right and obligation to enforce the '696 Patent in the United States, as

18  provided in the Distribution Agreement.

19       26.    First 2 Market distributes the sealing devices throughout the United States.

20  The sealing devices are sold individually at a manufacturer's suggested retail price (MSRP)

21  of $2.00 for a single bag sealing device, $5.00 for a package of three, and $20.00 for a

22  package of twenty.  Attached as <u>Exhibit 3</u> are photographs of the sealing devices'

23  packaging marketed by First 2 Market.

24       27.    Since May of 2009, First 2 Market has sold over 6.2 million sealing devices

25  via online marketplaces (e.g., Amazon.com), through its own United States distributors,

26  and at fairs, exhibitions, and conventions.  Plaintiffs are informed and believe, and based

27  thereon allege that Defendants, and each of them, have entered into contracts or

28

1    relationships with certain third-parties to make and/or sell infringing sealing devices, and

2    such contracts have resulted in the lost sales of the sealing devices of Dae Sung and First

3    2 Market.  Plaintiffs are informed and believe, and based thereon allege that Defendants

4    have entered into such contracts or relationships to manufacture and/or sell infringing bag

5    sealing devices knowingly, willingly, and intentionally in violation of Plaintiffs' rights.

6    28.    Plaintiffs are informed and believe, and based thereon allege, that, in violation

7    of 35 U.S.C. § 271, Defendants are and have been infringing, contributing to infringement,

8    and/or offering to sell in the United States, or importing into the United States, products

9    that practice the invention claimed in the '696 Patent, including without limitation bag

10   sealing devices sold under the GRIPSTIC, GTHUNDER, TRENDY COOKS, LOVELY

11   HOME ESSENTIALS, JOMOSHOP, FANCER, DIAMOND SHIELD, KITCHEN

12   GADGETS, FRESHLOCK, WOW STIC, CRIVERS, KITCHEN WINNERS,

13   DISCOUNT DEALS 4 LESS, DEUTSCHMADE, HOMESTORELIVE, ZICOME,

14   EVISPO, KAPTIN, EXPRESS SAVINGS, WHOSEE,  TRANSER, MAGIC SEAL,

15   GIANT BEAN BAG CHAIRS, 123 DYNAMIC, KUCOOLOU, KRISTY'S GOODS,

16   KICODE, HONBAY, B THE ONE, LINWIL, GREAT FUN, ZB, NACOLA,

17   BESTONZON, BOTRONG_HOME & KITCHEN, IN KDS, MY HOUSE,

18   FUNNYTODAY365, ARANHER, EGOELIFE, DEALGLAD, ISKYBOB, LINFON,

19   MENDAY TRADING, LEELE'S, LUCKY SUPPLY, AOITUN, SMART EV,

20   AMERICAN SHOPPING, EXPRESS SAVINGS, and CLINCH-IT trademarks.

21   29.    In July 2018 Plaintiffs' attorney sent cease and desist letters to Defendants,

22   through Amazon.com's internal email system, demanding that they cease and desist the

23   sale and marketing of the infringing sealing devices and provide a written response

24   confirming their compliance.  A true copy of such cease and desist letters are attached

25   hereto and incorporated herein collectively as Exhibit 4.  As of the date of the filing of this

26   action, Plaintiffs have not received a response from any of the Defendants and Defendants,

27

28

VERIFIED COMPLAINT

and each of them, still continue to market the infringing sealing devices on Amazon.com and their individual websites.

30.     As a proximate result of Defendants' actions, and each of them, Plaintiffs have suffered and will continue to suffer, irreparable harm from Defendants' sale of the infringing products.

31.     Plaintiffs are informed and believe, and based thereon allege, that Defendants' conduct, and each of them, is intentional, willful, malicious and contrary to law.

32.     Plaintiffs are entitled to injunctive relief because Defendants, and each of them, will continue to market and sell products infringing on the '696 Patent that do not abide by Plaintiffs' quality controls.

33.     As a proximate result of Defendants' wrongful conduct as herein alleged, Plaintiffs are entitled to enhanced damages and attorney's fees under 35 USC § 285 because Defendants, and each of them, have willfully, intentionally, maliciously and in bad faith, infringed on the '696 Patent.

34.     Plaintiffs are informed and believe, and based thereon allege that Defendants continue and intend to continue the unlawful infringing activities, and Plaintiffs continue to and will continue to suffer irreparable harm, for which there is no adequate remedy at law - from such unlawful infringing activities unless this Court enjoins Defendants from further infringing activities.

### SECOND COUNT FOR TRADEMARK INFRINGEMENT
### BY PLAINTIFF FIRST 2 MARKET PRODUCTS, LLC
### AGAINST DEFENDANTS GTHUNDER, DISCOUNT DEALS 4 LESS,
### KRISTY'S GOODS, SMART EV, AND AMERICAN SHOPPING

35.     Plaintiffs hereby repeat and reallege each and every allegation contained within paragraphs 1 through 20 of the First Count of the complaint, and 22 through 29 of the Second Count, and incorporate the same by reference as though set forth in full herein.

VERIFIED COMPLAINT

36.     Plaintiff FIRST 2 MARKET PRODUCTS, LLC, spends a significant amount of time, energy and resources protecting the value of its brand, products, name and reputation.  To protect the Gripstic brand, Plaintiff has registered the trademark, "Gripstic" with the United States Patent and Trademark Office, Reg. No. 3870130 on November 2, 2010, a true copy of which is attached hereto and incorporated by reference herein as Exhibit 5.  The goods and services covered by the Gripstic trademark ("Gripstic") include bag closures not of metal, non-metal and non-paper closures for bags, and plastic sealing rods in International Class 20.

37.     The Gripstic mark is valid, subsisting and in full force and effect.  The Gripstic mark has remained in commercial use since May 2009, and has been used in advertising and marketing by Plaintiff FIRST 2 MARKET PRODUCTS, LLC, who actively markets the Gripstic mark throughout the United States.

38.     The Gripstic mark provides prima facie evidence of Plaintiff's exclusive right to use the Gripstic mark in commerce, pursuant to 15 USC § 1115, and provides constructive notice of Plaintiff's ownership and related exclusive rights pursuant to 15 USC § 1072.

39.     The Gripstic mark is inherently distinctive as a unique indicator of a source for Plaintiff's goods since 2009 and the general public has come to associate the mark with Plaintiff's goods.

40.     Despite Plaintiff's prior use of and exclusive rights in the mark, Defendants, and each of them, have been and currently are, marketing, advertising, and promoting within this judicial district and in interstate commerce, products bearing marks that so closely imitate the Gripstic mark that there is a likelihood of confusion, mistake and deception among consumers as to source, sponsorship, and/or affiliation.

41.     Plaintiffs are informed and believe, and based thereon allege, that Defendants, and each of them, have been selling products bearing marks that infringe the Gripstic mark

VERIFIED COMPLAINT

since March 2018 through storefronts on Amazon.com, as can be seen from <u>Exhibit 6</u>, attached hereto and incorporated by reference herein.

42.    Plaintiffs are informed and believe, and based thereon allege, that Defendants' infringing use of the Gripstic mark has caused confusion and mistake, and has deceived consumers as to an affiliation, connection or association between Plaintiff and Defendants, and has, further, caused confusion, mistake, and deception as to the origin, sponsorship, and approval of the Plaintiff of Defendants' products, and that this use has diluted the Gripstic mark by blurring the source of Plaintiffs' products and tarnishing Plaintiff's brand.

43.    In July 2018 Plaintiffs' attorney sent cease and desist letters to Defendants, through Amazon.com's internal email system, demanding that they cease and desist the use of the Gripstic mark and provide a written response confirming their compliance.  A true copy of such cease and desist letters are attached hereto and incorporated herein collectively as <u>Exhibit 4</u>.  As of the date of the filing of this action, Plaintiff has not received a response from any of the Defendants and Plaintiff's Gripstic mark still appears on the Defendants' Amazon.com storefronts.

44.    As a proximate result of Defendants' actions, and each of them, Plaintiff has suffered and will continue to suffer, irreparable harm to the Gripstic mark and to the goodwill associated with the Gripstic mark.

45.    Plaintiff is informed and believes, and based thereon alleges, that Defendant's conduct, and each of them, is intentional, willful, malicious and contrary to law.

46.    Plaintiff is entitled to injunctive relief because Defendants, and each of them, will continue to use the infringing marks and sell products bearing the infringing marks that are materially different from Plaintiffs' products, and that do not abide by Plaintiffs' quality controls.  Defendants' ongoing illegal conduct has caused and will continue to cause significant consumer confusion and irreparable harm to the Gripstic brand.

VERIFIED COMPLAINT

47.    Plaintiff is entitled to enhanced damages and attorney's fees under 15 USC § 1117(a) because Defendants, and each of them, have willfully, intentionally, maliciously and in bad faith, infringed on the Gripstic mark.

### THIRD COUNT FOR TRADEMARK DILUTION
### BY PLAINTIFF FIRST 2 MARKET PRODUCTS, LLC
### AGAINST DEFENDANTS GTHUNDER, DISCOUNT DEALS 4 LESS, KRISTY'S GOODS, SMART EV, AND AMERICAN SHOPPING

48.    Plaintiffs hereby repeat and reallege each and every allegation contained within paragraphs 1 through 20 of the First Count of the complaint, and 22 through 29 of the Second Count, and incorporate the same by reference as though set forth in full herein.

49.    Plaintiff is informed and believes and based thereon alleges that Defendants' use, sale, marketing and transportation of products bearing the infringing mark is likely to blur or damage the public's perception of the Gripstic brand and cause the consuming public to believe that Defendants' products were manufacturer by or affiliated with the Plaintiffs.

50.    Plaintiff is informed and believes and based thereon alleges that Defendants' use, sale, marketing and transportation of products bearing the infringing mark have and will continue to dilute the Gripstic mark, and are likely to impair the distinctiveness, strength and value of the Gripstic mark, and injure Plaintiff's business reputation and the value of the Gripstic mark.

51.    Defendants' wrongful actions as herein alleged constitute trademark dilution in violation of 15 USC § 1125(c).

52.    Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, have derived and received from the aforesaid acts of infringement, gains, profits and advantages in an amount not yet ascertainable, but will be determined at trial.

VERIFIED COMPLAINT

53.     Defendants' wrongful actions as alleged herein have caused injury and damages to the Plaintiff and its good will and reputation, and will continue to cause injury and irreparable damage unless and until enjoined by the Court.

54.     Plaintiffs are entitled to injunctive relief under 15 USC § 1116, because they have no adequate remedy at law for Defendants' actions and, unless enjoined, Plaintiff will suffer irreparable harm.

55.     As a proximate result of Defendants' conduct as herein alleged, Plaintiffs are entitled to enhanced damages and attorney's fees under 15 USC § 1117(a).

## FOURTH COUNT FOR UNFAIR COMPETITION

56.     Plaintiffs hereby repeat and reallege each and every allegation contained within paragraphs 1 through 20, 22 through 29, 36 through 44, and 49 through 51 of the complaint, and incorporate the same by reference as though set forth in full herein.

57.     By reason of Defendants' fraudulent, deceptive, unfair, and other wrongful conduct as herein alleged, said Defendants have violated California Business and Professions Code § 17200*, et seq*., by consummating an unlawful, unfair, and fraudulent business practice, designed to deprive Plaintiffs of the benefits of their intellectual property protections.

58.     By reason of the foregoing, Plaintiffs have suffered and continue to suffer damages in a sum which is, as yet unascertained.  Plaintiff will seek leave of court to amend this complaint when the true nature and extent of their damages have been ascertained.

## FIFTH COUNT FOR UNJUST ENRICHMENT

59.     Plaintiffs hereby repeat and reallege each and every allegation contained within paragraphs 1 through 20, 22 through 29, 36 through 44, and 49 through 51 of the complaint, and incorporate the same by reference as though set forth in full herein.

VERIFIED COMPLAINT

60.     As a proximate result of the Defendants' actions as herein alleged, Defendants have been unjustly enriched at the expense of the Plaintiffs.

61.     Defendants are under an obligation to pay Plaintiffs for all amounts which they have been unjustly enriched.  Plaintiff will seek leave of court to amend this complaint when the true nature and extent of their damages have been ascertained.

**WHEREFORE,** Plaintiffs pray for relief as follows:

1.      For judgment in favor of the Plaintiffs and against the Defendants, and each of them, for compensatory damages, statutory damages, treble damages, restitution, disgorgement of profits, exemplary and punitive damages, and pre-judgment and post-judgment interest, all in an amount according to proof;

2.      For a temporary restraining order and preliminary injunction, enjoining and restraining Defendants and each of them, their agents servants, officers, representatives, directors, attorneys, successors, assigns, and anyone acting in concert with them (the "Enjoined Parties") as follows:

   a.   Prohibiting the Enjoined Parties from advertising, marketing, selling or offering for sale, any products which infringe on the '696 Patent;

   b.   Prohibiting the Enjoined Parties from advertising, marketing, selling or offering for sale, any products bearing the infringing mark or any other mark, logo, or device that is confusingly similar to the Gripstic mark in any manner;

   c.   Prohibiting the Enjoined Parties from importing, exporting, manufacturing, producing, selling, offering to sell, advertising, marketing, promoting or displaying any products which infringe on the '696 Patent or bear the infringing mark or any other mark, logo, or device that is confusingly similar to the Gripstic mark in any manner;

- 13 -

VERIFIED COMPLAINT

d. Requiring the Enjoined Parties to take all actions, including but not limited to, removing from Amazon.com and the Enjoined Parties' websites, any products which infringe on the '696 Patent or bear the infringing mark or any other mark, logo, or device that is confusingly similar to the Gripstic mark in any manner;

e. Requiring the Enjoined Parties to take all actions, including but not limited to, requesting removal from all major Internet search engines, including but not limited to Google, Yahoo, and Bing, any and all references the infringing mark or any other mark, logo, or device that is confusingly similar to the Gripstic mark in any manner;

3. For an Order requiring Defendants to file with the Court and to account to Dae Sung and First 2 Market for Defendants' sales and profits realized by Defendants through the sale of its infringing sealing devices;

4. For an Order requiring Defendants to file with the Court and to account to Dae Sung and First 2 Market for Defendants' sales and profits realized by Defendants through the sale of its infringing sealing devices;

5. For damages according to proof;

6. For statutory or compensatory damages according to proof;

7. For punitive and exemplary damages according to proof;

8. For costs of suit and reasonable attorney's fees; and

9. For such other and further relief as the Court may deem just and proper.

DATED:  September 10, 2018

_____
/s/ Kenneth Eade
KENNETH EADE, ESQ. (SBN 93774)
Attorney for Plaintiffs

VERIFIED COMPLAINT

## **DEMAND FOR JURY TRIAL**

Please take notice that the Plaintiffs demand a jury trial in this action.


DATED:  September 10, 2018

/s/ Kenneth Eade

KENNETH EADE, ESQ. (SBN 93774)
Attorney for Plaintiffs

VERIFIED COMPLAINT

## VERIFICATION

I, DAN SACKETT, hereby declare as follows:

I am the Manager of Plaintiff First 2 Market Products, LLC in this matter.  I have read the forgoing complaint and know the contents thereof.

The matters stated in it are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

Executed this 10th day of September, 2018 at Cleveland, Ohio.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
DAN SACKETT

- 16 -

VERIFIED COMPLAINT